# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-3262
_____

United States of America

*Plaintiff - Appellee*

v.

Joshua E. Riley

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: February 9, 2026
Filed: June 11, 2026
[Unpublished]
_____

Before LOKEN, SMITH, and STRAS, Circuit Judges.
_____

PER CURIAM.

Joshua Riley pleaded guilty pursuant to a written plea agreement to cyberstalking, in violation of 18 U.S.C. § 2261A(2). The statutory maximum for Riley's sentence was 60 months' imprisonment, and his Guidelines range was 30 to 37 months' imprisonment. During sentencing, Riley requested a below-Guidelines sentence of 13 months' imprisonment, arguing, among other things, that "his mental

health issues . . . mitigate[d] the nature of the threats that occurred in this case." R. Doc. 39, at 12. The government advocated for a sentence at the top of the Guidelines range. It agreed that Riley "does have a mental health issue" and argued that Riley had been planning a "mass shooting," which law enforcement had averted. *Id.* at 14. The district court[1] determined that the statutory maximum sentence was necessary "to protect the public . . . given the significant potential of multiple . . . shootings and killings by [Riley]" and to deter Riley from dangerous conduct. *Id.* at 18. The court gave Riley credit for 17 months that he previously spent in state custody, resulting in a 43-month sentence.

The district court noted that although Riley might consider the sentence "unduly long," it considered the sentence "beneficial to [Riley] in at least two ways." *Id.* at 19. First, the district court believed that the state court presiding over Riley's state charge for attempted assault based on the same circumstances that led to his federal charge would consider the "long [federal] sentence" and impose a shorter state sentence. *Id.* Second, the district court expressed "hope" that its recommendation for "a mental health re-evaluation and treatment . . . in the federal system" would be "helpful" to Riley and "be a difference between a useful and helpful future life after release from imprisonment." *Id.* In the court's words, it hoped that "this significant sentence for the future may turn out very helpful for [Riley]." *Id.* at 20. But the court reiterated that it was imposing the upward variance "[l]argely for deterrence purposes but also for purposes of dealing with the seriousness of the offense, the actions that have occurred." *Id.* The court stated that it would recommend a mental health evaluation and treatment.

Riley objected that it was "inappropriate to base incarceration on treatment because prison is not—that's not a permissible factor for the [c]ourt to consider." *Id.* at 23. The district court responded, "All right. I did—I did, of course, mention

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

treatment but, simply, part of my comment that hopefully the—hopefully that treatment may be helpful to [Riley]." *Id.*

Riley appeals his sentence, arguing that the district court imposed or lengthened his sentence to promote his rehabilitation, in violation of *Tapia v. United States*, 564 U.S. 319, 327 (2011) (holding that 18 U.S.C. § 3582(a) prohibits sentencing courts from imposing or lengthening a term of imprisonment to promote a defendant's rehabilitation). We disagree. The record shows that the district court did not impose the upward variance "for the purpose of 'promoting correction and rehabilitation'" but instead to protect the public, deter Riley from dangerous conduct, and because of the seriousness of the offense. *United States v. Moore*, No. 23-2125, 2023 WL 7297168, at *1 (8th Cir. Nov. 6, 2023) (unpublished per curiam) (quoting *Tapia*, 564 U.S. at 327). The district court did not address the topic of Riley's mental health treatment until after it had already explained that an upward variance was necessary to protect the public and deter Riley from dangerous conduct. *Id.* ("The district court also considered the relevant sentencing factors of 18 U.S.C. § 3553(a) and the pertinent policy statements in the Guidelines."). After selecting the 43-month sentence, the court noted that Riley "may consider that this is an unduly long sentence" and discussed two reasons that the sentence could benefit Riley. R. Doc. 39, at 19. One of those reasons was the district court's hope that Riley could receive mental health treatment while in prison. The court followed this statement by reiterating that the upward variance was based on deterrence and the seriousness of the offense. *See Moore*, 2023 WL 7297168, at *1. We also note that Riley had asked the court to consider his mental health issues in crafting a sentence and submitted a psychological evaluation for the court's consideration.

"If there was any doubt as to the propriety of the district court's reason for imposing its sentence, the district court clarified itself later in the hearing after [Riley's] counsel objected." *Id.* at *2. The court clarified that while it had mentioned mental health treatment, it did so to express its "hope[] that treatment may be helpful to [Riley]." R. Doc. 39, at 23.

Finding no *Tapia* error, we affirm the judgment of the district court.

_____